**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-31126
Summary Calendar

In The Matter Of: MICHAEL B CUPIT;
TAMARA A CUPIT,

                                                        Debtors,

-------------------------------------------

MICHAEL B CUPIT; TAMARA A CUPIT, as Natural Tutrix of the Estates
of Her Minor Children,

                                                        Appellants,

versus

FIDELITY & DEPOSIT COMPANY OF MARYLAND; et al,

                                                        Appellees,

THOMAS J PLUSKAT, in his official capacity as Administrator, De
Bonis No, of the Estate of Mary Reid, Deceased,

                                                        Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(2:05-CV-920)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM[*]:

Debtor-Appellant, Michael B. Cupit, claims that the district

court erred by imposing Rule 11 sanctions against him without first

providing adequate notice of the exact nature of his potentially

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sanctionable conduct. Cupit argues that the district court's order to show cause on the sanctions issue was confusing and insufficiently precise to allow him to prepare an adequate defense against the imposition of sanctions.  We disagree.

"We review all aspects of the district court's decision to invoke Rule 11 and accompanying sanctions under the abuse of discretion standard."[1]  Appellate review is deferential because the imposition or denial of sanctions involves a fact-intensive inquiry into the circumstances surrounding the activity alleged to be a violation of Rule 11.  The trial court is in the best position to review the factual circumstances and render an informed judgment, as it is intimately involved with the case, the litigants, and the attorneys on a daily basis.[2]

On July 20, 2005, the district court, after painstakingly explaining in open court its specific reasons for dismissing Cupit's lawsuit, informed him that it found his lawsuit and the pleadings he had filed in it "totally frivolous" and ordered him to show cause why he should not be sanctioned under either Rule 11 or 28 U.S.C. §1927. We find that, contrary to Cupit's contentions, the court's discourse was amply sufficient to provide him all the notice he should have needed to bear his burden — if he could — of

---

[1] Am. Airlines, Inc. v. Allied Pilots Ass'n, 968 F.2d 523, 529 (5th Cir. 1992).

[2] Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 873 (5th Cir. 1988) (en banc).

showing why he should not be sanctioned.  The district court's statements clearly indicated that Cupit should be prepared to show that his actions regarding his lawsuit did not violate <u>any</u> or <u>all</u> of the provisions of Rule 11 or 28 U.S.C. §1927.  This might be arguably less than specific, but given the extent of Cupit's perceived misconduct in this case, the trial court's handling of these proceedings was far from an abuse of discretion. We affirm the district court's order imposing sanctions against Cupit.

Even though the appellees have not sought additional sanctions for a frivolous appeal under Federal Rule of Appellate Procedure 38, this appeal too appears to be frivolous and without merit.  We caution Cupit that any efforts to prolong this matter could expose him to such sanctions.

SANCTIONS AFFIRMED; CAUTION ISSUED.